T.C. Memo. 1996-272

UNITED STATES TAX COURT

TOMMY L. AND PATRICIA A. HOBSON, Petitioners v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 3640-94                          Filed June 12, 1996.

Tommy L. and Patricia A. Hobson, pro se.

George W. Bezold, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WRIGHT, Judge: Respondent determined a deficiency in
petitioners' Federal income tax for taxable year 1990 in the
amount of $10,229, an addition to tax under section 6651(a) in
the amount of $2,087, and an accuracy-related penalty under
section 6662(a) in the amount of $2,045.03.[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
                                          (continued...)

After concessions by the parties, the issues for our decision for the taxable year 1990 are:

(1) Whether petitioners received a taxable distribution from Mrs. Hobson's retirement plan, and if so, whether petitioners are liable for the additional tax under section 72(t) for an early distribution from such plan. We hold that the 1990 distribution was taxable, and petitioners are subject to the additional tax under section 72(t).

(2) Whether petitioners are liable for an addition to tax under section 6651(a) for failure to timely file their 1990 income tax return. We hold that they are not.

(3) Whether petitioners are liable for an accuracy-related penalty under section 6662(a) due to a substantial understatement of income tax. We hold that they are.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in Milwaukee, Wisconsin, at the time the petition was filed. Petitioners filed a joint Federal income tax return for taxable year 1990 on October 28, 1991. All references to petitioner in the singular refer to Patricia A. Hobson.

---

[1](...continued)
Procedure.

Petitioner was employed by the Oster Division of Sunbeam Corporation (Oster) until it went out of business in 1990. It is unclear from the record the exact dates of petitioner's employment. At some time during 1990, petitioner received a lump-sum distribution in the amount of $26,513 from the Oster Division Sunbeam Employees Profit Sharing Plan (Plan). In 1990, the Plan was "qualified" within the meaning of section 401(a). Petitioner had not attained the age of 55 in 1990. The distribution was not rolled over into an individual retirement account or other qualified retirement plan and was not reported on petitioners' income tax return for the taxable year 1990.

Petitioners have four children; one child has multiple sclerosis and is confined to a wheelchair. Petitioners care for Mrs. Hobson's father who suffered a stroke and has had both legs amputated. Petitioner's father lives with petitioners. Mr. Hobson is employed in a minimum security prison for women. Due to the location of Mr. Hobson's job, petitioners lived separately for sometime during 1990.

OPINION

Issue 1.  Plan Distribution

The first issue for our decision is whether a distribution from petitioner's profit sharing plan in 1990 is includable in income, and, if so, whether petitioners are liable for the 10-percent tax on an early distribution from petitioner's plan under section 72(t). Section 402(a)(1) provides the general rule that

unless otherwise provided, any amount paid or distributed from an employee's trust described in section 401(a) is includable in the recipient's gross income for the year of receipt in the manner provided under section 72. These statutes apply to petitioner's distribution.

Section 72(t) provides:

> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan * * *, the taxpayer's tax * * * for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 72(t)(2) provides for certain exceptions to the general rule contained in paragraph (1). Petitioner, however, provided no evidence to suggest that she fit within any of these enumerated exceptions. The legislative history suggests that one of the reasons for enacting section 72(t) was to deter the use of retirement savings for nonretirement use. H. Rept. 99-426 (1985), 1986-3 C.B. (Vol. 2) 1, 728-729; S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 1, 612-613. Petitioner received an early distribution from her profit sharing plan in taxable year 1990, and petitioners' having failed to show that any of the exceptions found in section 72(t)(2) apply, we find that petitioners are liable for the 10-percent additional tax pursuant to section 72(t) as determined by respondent. See Aronson v. Commissioner, 98 T.C. 283 (1992).

Issue 2.  Section 6651(a) Addition to Tax for Delinquency

The next issue for our decision is whether petitioners are liable for the addition to tax under section 6651 for failure to timely file their 1990 joint Federal income tax return.  Section 6651(a)(1) imposes an addition to tax in an amount equal to 5 percent of the amount required to be shown as tax on a return for each month or fraction thereof for which a return is delinquent, not to exceed 25 percent in the aggregate.  The addition to tax under this section does not apply if the taxpayer establishes that the failure to timely file was due to reasonable cause and not due to willful neglect.  The burden of proof is on petitioners to show the failure is due to reasonable cause and not willful neglect.  Rule 142(a).

Based upon review of the record in the instant case, we find that petitioners have met their burden of showing that their failure to timely file their return for 1990 was due to reasonable cause and not due to willful neglect.  Petitioners testified that, in addition to caring for a sick child and invalid parent, they lived apart during 1990 due to Mr. Hobson's job, which separation caused a great deal of marital problems. Petitioners argue that, as a result of their difficulties during the taxable year at issue, their failure to timely file their return was due to reasonable cause.  We agree.  Accordingly,

petitioners are not liable for the addition to tax under section 6651 for taxable year 1990 as determined by respondent.

Issue 3. Section 6662 Substantial Understatement

Respondent determined that petitioners are liable for the section 6662(a) penalty for 1990. Section 6662(a) imposes an accuracy-related penalty in an amount equal to 20 percent of the underpayment of tax attributable to one or more of the items set forth in section 6662(b). In the notice of deficiency, respondent based the determination of the section 6662(a) penalty on petitioners' underpayment being due to a substantial understatement. See sec. 6662(b)(2). A "substantial understatement" occurs when an understatement exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on a return. Sec. 6662(d)(1)(A). An "understatement" means the excess of the amount of the tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Sec. 6662(d)(2)(A).

The accuracy-related penalty under section 6662(b)(2) does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that petitioners acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether petitioners acted

with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayers' effort to assess their proper tax liability for the taxable year. Id. Although we found that petitioners' failure to timely file their 1990 return was due to reasonable cause, we find that the record fails to establish that petitioners acted with reasonable cause and in good faith in assessing whether petitioner's distribution from her profit sharing plan was taxable. Petitioners offered no evidence that they made a good faith effort to assess their proper tax liability. Based on this record, we conclude that petitioners are liable for the section 6662 accuracy-related penalty as determined by respondent.

To reflect the foregoing,

Decision will be entered

under Rule 155.